# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Carl R. Gulbronson,

    Plaintiff,

vs.

Judge Anne K. McKeig,

    Defendant.

Civil File No. 12-600 (SRN/AJB)

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

Carl R. Gulbronson, P.O. Box 398002, Edina, MN 55439, pro se.

John S. Garry, Assistant Minnesota Attorney General, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128, for Defendant.

## INTRODUCTION

  This matter is before the court, United States Chief Magistrate Judge Arthur J. Boylan, on Defendant Judge Anne K. McKeig's Motion to Dismiss (Docket No. 3). The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and local Rule 72.2 (b). A hearing was held on the motion on August 14, 2012, at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. Carl R. Gulbronson appeared pro se. John S. Garry appeared on behalf of Judge Anne K. McKeig.

  Defendant Judge McKeig seeks dismissal of Plaintiff Carl R. Gulbronson's claims for violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights. For the reasons discussed below, the court recommends that Judge McKeig's Motion to Dismiss should be granted and the Complaint in this matter be dismissed.

## FACTUAL BACKGROUND

The underlying action stems from Plaintiff Carl R. Gulbronson's marriage dissolution action in Hennepin County, Minnesota. (*See* Minn. Ct. File No. 27-CV-10-2182.) Judge Ann K. McKeig is the judge presiding over Plaintiff's ongoing dissolution in Hennepin County District Court. The dissolution was assigned to Judge McKeig in April 2010 and the Final Decree is to be issued on September 26, 2012. (*See id.*) Plaintiff alleges that Judge McKeig's actions during the dissolution proceedings violated his constitutional rights.

## PROCEDURAL HISTORY

Plaintiff filed the underlying Complaint on March 7, 2012. (Docket No. 1, Compl.) Plaintiff alleges Judge McKeig, in her capacity as the presiding judge in Plaintiff's dissolution action, violated his First, Fifth, and Fourteenth Amendment rights under the federal constitution. (Compl. at pp. 3-6, ¶¶ 7-15.) Plaintiff asserts that Judge McKeig (1) violated his right to freedom of speech and freedom of association by continuing enforcement of a restraining order; (2) violated his right to freedom from double jeopardy by continuing enforcement of a restraining order; (3) violated his right to freedom of speech and freedom of association when Plaintiff was ordered to cease communications with Rob Erickson; (4) violated his right to due process by mandating settlement negotiations; (5) violated his right to due process by not scheduling motion hearings; (6) violated his right to due process by issuing *ex parte* orders; (7) violated his right to due process by adopting an altered version of the Divorce Settlement Agreement; (8) caused Plaintiff to be defrauded of his ownership rights in Edina Bike & Sport, Inc., a Minnesota corporation; and (9) caused Plaintiff to sign fraudulent tax returns. (*Id.*)

Plaintiff seeks the following equitable relief: (1) relief from Judge McKeig's order to sign tax returns; (2) protection from a contempt order issued by Judge McKeig; (3) a stay of all

orders issued by Judge McKeig in Plaintiff's dissolution action; (4) no further involvement by Judge McKeig in Plaintiff's dissolution action; (5) removal of Judge McKeig from Plaintiff's dissolution action; (6) vacation of the Divorce Settlement Agreement accepted by Judge McKeig; and (7) vacation of all rulings made by Judge McKeig in Plaintiff's dissolution action. (Compl. at p. 7, ¶¶ 1-7.) Plaintiff also reserved the right to file for monetary damages against Judge McKeig and for other additional relief as appropriate. (*Id*. at ¶¶ 8-9.)

Judge McKeig filed the present Motion to Dismiss on March 28, 2012. Judge McKeig's supporting memorandum asserts Plaintiff's Complaint should be dismissed on three grounds. (Docket No. 5, McKeig Mem. in Support of Mot. to Dismiss ("McKeig Mem.") at pp. 3-9.) First, Plaintiff's action is necessarily brought under the umbrella of 42 U.S.C. § 1983, which does not allow for the injunctive relief sought by Plaintiff. (*Id*. at p. 4.) Second, the *Younger* abstention doctrine forecloses Plaintiff's requested relief because the underlying state court action (Minn. Ct. File No. 27-CV-10-2182) is ongoing. (*Id.*) Third, the federal district court lacks jurisdiction to hear Plaintiff's claim because of the *Rooker-Feldman* doctrine and operation of 28 U.S.C. § 1257 (2012). (*Id.*) Plaintiff did not file a response to Judge McKeig's Motion to Dismiss.

## DISCUSSION

### I.     STANDARD OF REVIEW

A complaint is properly dismissed if it fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim must be granted when the complaint fails to allege sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

3

plausible on its face if the "[f]actual allegations. . .raise a right to relief above the speculative level. . . ." *Id*. at 545.

A federal court must abstain from reviewing a case "where the federal action seeks to interfere with pending state proceedings." *Stivers v. Minnesota,* 575 F.2d 200, 203 (8th Cir. 1978). To warrant abstention, the parties before the federal court need not be the same parties involved in the pending state proceedings so long as the relief sought in federal court is closely related to the issues pending before a state court. *Id.* Whether the relief sought in federal court is sufficiently related to a pending case before a state court is a question of law. *Cedar Rapids Cellular Tel., L.P. v. Miller*, 280 F.3d 874, 878 (8th Cir. 2002). When abstaining on *Younger* grounds, "the district court generally must dismiss the action, not stay it pending final resolution of the state-court proceedings." *Tony Alamo Christian Ministries v. Selig,* 664 F.3d 1245, 1251 (citing *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1989)). Federal district courts do not have subject-matter jurisdiction to hear appeals of state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005).

## II. ANALYSIS

### A. 42 U.S.C. § 1983

Section 1983 provides relief for any person deprived of his constitutional rights by a person acting under the color of law. 42 U.S.C. § 1983 (2012). Plaintiff alleges his First, Fifth, and Fourteenth Amendment rights under the federal Constitution were violated by Judge McKeig while she presided over Plaintiff's dissolution action in state court. Plaintiff's Complaint necessarily falls under the purview of § 1983 because he is seeking relief from the actions of a Minnesota district court judge who was acting in her official capacity at the time the alleged violations occurred.

4

Section 1983 does not permit any relief against a judicial officer in a judicial capacity unless the judicial officer violated a declaratory order or a declaratory judgment was unavailable. 42 U.S.C. § 1983 (2012) ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."). Plaintiff has specifically requested this court grant him injunctive relief. (Compl. at p. 7, ¶¶ 1-7.) Plaintiff has not submitted evidence to this Court of a declaratory decree violated by Judge McKeig. Plaintiff has not submitted evidence to this Court that declaratory relief is unavailable to him as a means of redressing his claims. Therefore, Plaintiff's claims for injunctive relief are barred by the operation of Section 1983.

### B. *Younger* Abstention

The *Younger* abstention doctrine concerns comity between the federal and state judicial systems. *Younger v. Harris*, 401 U.S. 37, 44 (1971). It has been extended to encompass civil actions brought under 42 U.S.C. § 1983. *Cedar Rapids Cellular*, 280 F.3d at 881. The *Younger* abstention doctrine operates as a bar to a federal complaint when "(1) [the complaint raises issues that are part of] an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012). Upon a finding that all three factors necessary for *Younger* abstention have been met, a federal court may abstain from exercising jurisdiction over the claim without first making a determination as to a party's standing. *Id.* at 1248 (citing *Sinoc Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 431 (2007)).

The first factor of *Younger* abstention is a timing mechanism. Only after the plaintiff has exhausted his state appellate remedies may he file an action in federal court. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("[A] party. . .must exhaust his state appellate remedies before seeking relief in the District Court. . . ."). The date the federal complaint is filed is the date by which all state appellate remedies must be exhausted. *Tony Alamo Christian Ministries*, 664 F.3d at 1250. The state court proceeding is considered ongoing if the plaintiff may still exercise his right to appeal on the date the federal complaint is filed. *Huffman*, 420 U.S. at 608. If the state court action is ongoing, the federal court "must generally" dismiss the action. *Id*. (citing *Beltran v. State of California*, 871 F.2d 777, 782 (9th Cir. 1988)).

The second *Younger* factor protects against infringement of state interests by federal courts. Federal intervention in an ongoing state case "prior to completion of state appellate proceedings. . .[is] highly duplicative. . .[and] is also a direct aspersion on the capabilities and good faith of state appellate courts." *Huffman*, 420 U.S. at 609. To intervene in an ongoing state court action involving constitutional issues would deprive the state courts of a meaningful opportunity to resolve the constitutional issues within that court's jurisdiction. *Id.* ("[I]ntervention. . . deprives the States of [the] function … of overseeing trial court dispositions of constitutional issues which arise in civil litigation over which they have jurisdiction.").

The third *Younger* factor takes into consideration whether there is a meaningful opportunity for the plaintiff to resolve his alleged constitutional violations. A state's appellate court is the appropriate venue to review alleged constitutional violations arising out of litigation in that state's district courts. *Id.* ("[T]ypically a judicial system's appellate courts. . .[are the] most appropriate forum for the resolution of constitutional contentions."). Further, a plaintiff cannot attempt an end-run around the *Younger* abstention doctrine by ignoring or failing to act

6

on his state appellate remedies. *Alleghany Corp. v. McCartney*, 896 F.2d 1138, 1144 (8th Cir. 1990) ("Since *Huffman*, courts have consistently held that a party cannot avoid *Younger* by choosing not to pursue available state appellate remedies.").

Plaintiff filed the present Complaint on March 7, 2012. The final Decree in Plaintiff's dissolution action is to be posted on September 26, 2012. Plaintiff's dissolution action before Judge McKeig is clearly ongoing. (Compl. at p. 7, ¶¶ 4-5; *see also* Minn. Ct. File No. 27-FA-10-2182.[1]) Plaintiff seeks to have Judge McKeig removed as the judicial officer for violating his constitutional rights. This request clearly asks this Court to interfere in an ongoing state court proceeding involving constitutional issues. Plaintiff has not exhausted his state court remedies, nor has he presented his allegations of constitutional violations to a Minnesota court. Plaintiff's claim fails to overcome the three *Younger* abstention factors. Therefore, Plaintiff's Complaint must be dismissed.

### C. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine defines the extent to which a federal district court's jurisdiction over certain claims is limited pursuant to 28 U.S.C. § 1257. *Exxon Mobil Corp.*, 544 U.S. at 291-92. Although federal district courts have original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States" by operation of 28 U.S.C. § 1331, Section 1257 modifies the original subject-matter jurisdiction and vests jurisdiction over state-court judgments in the Supreme Court. *Id.* ("[Section] 1257, as long interpreted, vests authority to review a state court's judgment solely in [the Supreme] Court. . . .").

---

[1] This Court may only consider the "materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint'" when determining the sufficiency of the claims for relief on a motion to dismiss. *Cox v. Mortgage Electronic Registration Systems, Inc.*, 685 F.3d 663 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003)). However, the Court may take judicial notice of public records on a motion to dismiss. *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

The *Rooker-Feldman* doctrine encompasses four criteria that must be satisfied before the federal district court is deprived of subject-matter jurisdiction. The criteria contemplate cases that have been brought by "[1] state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the [federal] district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Applying the *Rooker-Feldman* criteria in *Johnson v. De Grandy*, 512 U.S. 997 (1994), the Supreme Court stated that the purpose of the doctrine is to bar state-court losers "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." 512 U.S. at 1005-06.

Plaintiff alleges in his Complaint that his First, Fifth, and Fourteenth Amendment rights under the federal constitution were violated by Judge McKeig while she presided over his dissolution action in state court. (Compl. at pp. 3-6, ¶¶ 7-15.) To the extent that any of Plaintiff's dissolution-related actions are fully adjudicated, or the time to appeal has lapsed, Plaintiff's action before this Court conforms to the four *Rooker-Feldman* criteria. Therefore, this Court lacks subject-matter jurisdiction to review Plaintiff's claims and Plaintiff's Complaint must be dismissed.[2]

---

[2] To the extent that Plaintiff has reserved the right to file for monetary damages against Judge McKeig, such claim would be barred. Judicial immunity is one of the most strongly entrenched principles in American jurisprudence and Plaintiff cannot sue for damages as a result of decisions made by Judge McKeig in her "official decision-making" capacity. *Simmons v. Fabian*, 743 N.W.2d 281, 285 (Minn. Ct. App. 2007).

## RECOMMENDATION

Based upon the record, memoranda, and oral arguments of the parties,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (Docket No. 3) be **GRANTED** and that Plaintiff's Complaint be dismissed with prejudice.


Dated:  September 25, 2012             s/ Arthur J. Boylan
                                       Chief Magistrate Judge Arthur J. Boylan
                                       United States District Court


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court on or before   October 9    , 2012.